# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIE E. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13CV527 JAR |
| | ) |
| JIM CROWE, JR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint for subject matter jurisdiction and under 28 U.S.C. § 1915A.  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss a complaint at any time if it appears that subject matter jurisdiction is lacking.  Under 28 U.S.C. § 1915A, the Court is required to dismiss a complaint filed by a prisoner if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff purports to bring this action under Local Rule 12.02 for attorney discipline against Assistant United States Attorney Jim Crowe, Jr.  Plaintiff alleges that fraud occurred in his 1997 criminal action, United States v. Boyd, 4:97CR301 ERW (E.D. Mo.).  Plaintiff has filed numerous post-judgment motions in that case alleging the same fraud, all of which were denied by the Court with prejudice.

Local Rule 12.02 does not provide for a federal cause of action. Moreover, there is no mechanism allowing for a prisoner to institute disciplinary proceedings in this Court. Plaintiff has not invoked the Constitution or any federal statute, and the Court cannot envision any non-frivolous amendment to the complaint that would bring it within this Court's purview. As a result, the Court finds that subject matter jurisdiction is lacking.

Even if this Court were to have jurisdiction over the complaint, the Court would dismiss this action under 28 U.S.C. § 1915A. A court may determine that an action or allegation is "malicious" under § 1915A by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. In this instance, it is clear from the allegations and plaintiff's post-judgment filings in the criminal action that plaintiff has filed this action for the sole purpose of harassing the named defendant and the government. Consequently, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 24th day of April, 2013.

                                        JOHN A. ROSS
                                      UNITED STATES DISTRICT JUDGE